9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eddie MILLS, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 92-16325.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 9, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eddie Mills, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging the prison disciplinary committee's finding that Mills assaulted another prisoner with a deadly weapon. Mills contends the district court erred by (1) dismissing his claim that his due process rights were violated when he was denied the use of a staff assistant, (2) determining that the disciplinary committee's finding of guilt was based upon reliable evidence, and (3) finding sufficient evidence that Mills assaulted another prisoner with a deadly weapon. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 We review de novo the district court's denial of a habeas petition. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 
 4
 * Staff Assistant
 
 
 5
 Mills contends that his right to due process was violated by the disciplinary committee's failure to provide him with the use of a staff assistant to help prepare his defense. This argument lacks merit.
 
 
 6
 The Due Process Clause of the Fourteenth Amendment affords a prisoner certain minimum procedural safeguards before disciplinary action may be taken. Hughes v. Rowe, 449 U.S. 5, 9 (1980). Nonetheless, prisoner disciplinary proceedings are not part of a criminal prosecution and not subject to the same "full panoply of rights." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A California state prisoner is entitled to staff assistance only when the chief disciplinary officer "determines that the nature of the inmate's need for assistance will require a confidential relationship ... for the preparation and presentation of the inmate's defense." Cal.Code Regs. tit. 15, § 3318(b).
 
 
 7
 Here, prison authorities determined that Mills' confinement in administrative segregation required the assignment of an investigative employee to gather information for his case but did not offer Mills the use of a staff assistant. Under California law, the disciplining officer had the discretion to determine that a confidential staff assistant was not necessary. See id. Further, Mills has not shown any due process violation. See Hughes, 449 U.S. at 9; Wolff, 418 U.S. at 556. Accordingly, the district court properly dismissed the claim concerning the staff assistant.
 
 II
 Reliable Evidence
 
 8
 Mills contends the disciplinary committee's finding of guilt was not supported by reliable evidence. This argument lacks merit.
 
 
 9
 Because the loss of good time credits extends the length of confinement, a prisoner has a strong interest in assuring that the loss of these credits is not imposed arbitrarily. Superintendent v. Hill, 472 U.S. 445, 454 (1984). Findings that result in the loss of liberty satisfy due process if "some evidence" exists which supports the decision of the disciplinary board. Id. at 455; Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir.1987), cert. denied, 487 U.S. 1207 (1988). "[T]here must be, however, some indicia of reliability of the information that forms the basis for prison disciplinary actions." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987).
 
 
 10
 Here, Correctional Officer Cogdill testified that he saw Mills fire two darts at a prisoner who was bending over to pick up a magazine. According to Cogdill, one dart missed the prisoner and the other struck his arm and punctured the skin. This evidence is sufficiently reliable to support the identification of Mills as the culprit in the shooting of the darts. See Zimmerlee, 831 F.2d at 186 (unidentified informant's eyewitness account reliable); cf. Cato, 824 F.2d at 705 (confidential informant hearsay statement found unreliable because lacking first hand knowledge). Accordingly, the disciplinary committee properly found Mills responsible for the offense.
 
 III
 Assault with a Deadly Weapon
 
 11
 Finally, Mills contends insufficient evidence existed to support the finding that the assault was "with a deadly weapon" and the disciplinary committee improperly treated his offense as an "A-1" offense. This contention is unpersuasive.
 
 
 12
 For California prisoners, the serious disciplinary infraction of "assault with a deadly weapon" constitutes an "A-1" offense and results in a good time credit loss of 181-360 days. Cal.Code Regs. tit. 15, § 3323(c)(4). Other felony offenses involving violence or injury to a victim not listed in the "A-1" schedule are treated as "A-2" offenses and result in a good time credit loss of 151-180 days. Id., § 3323(d)(5).
 
 
 13
 The finding that Mills used a deadly weapon was based upon the physical evidence of the darts and the puncturing of the victim's skin. Because some evidence exists to support a finding that Mills committed an assault with a deadly weapon, we hold that the disciplinary committee properly treated Mills' offense as an "A-1" offense. See Hill, 472 U.S. at 454; Zimmerlee, 831 F.2d at 186.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3